In the Matter of the Judicial Settlement of the Accounts of KATASZYNA KAJFASZ and Another, as Executrices, etc., of FRANK FELOF, Deceased. In the Matter of the Application of KATASZYNA KAJFASZ, One of the Executors, etc., of FRANK FELOF, Deceased, to Discover Certain Property, etc.— Decrees reversed on the law and facts, without costs of this appeal to any party, and proceeding dismissed, without costs. Certain finding of fact disapproved and reversed and new finding made. Memorandum: The issues herein involved arise upon conflicting claims to the proceeds of three industrial life insurance policies aggregating $2,148. The assured was told by the agents who solicited this insurance that the person who paid the premiums and retained the policies would be paid the proceeds thereof in the event of the assured's death. The policies, as issued, provided that

the insurer would pay the proceeds thereof to the assured's executors or administrators and each contained the usual " facility of payment " clause. The decedent agreed to make the applications, and his niece, Mary Kaszyca, agreed to pay the premiums. The policies were delivered to the assured, who immediately delivered them to this niece, who retained them in her possession and paid all the premiums thereon until the assured's death. The niece delivered these policies to the insurer's agent to collect the proceeds for her. The insurer issued its check for the full amount due under the policies to the executrices named in decedent's will, who indorsed the same and deposited it in the estate's account. The executrices paid the proceeds of these three policies to this niece. Thereafter decrees were rendered in a consolidated discovery and accounting proceeding. The first decree, dated January 25, 1939, surcharged the account of the executrices with the amount of the proceeds of these three policies and directed this niece, to whom the executrices had paid the proceeds, to repay the same to the estate. The second decree, dated July 19, 1939, denied, in all respects, the executrices' application to resettle the first decree, except that it reduced the costs allowed one of the creditors from $401.66 to $362.83. The third decree [July 28, 1939] denied the application of the niece for an order granting her an equitable lien on the proceeds of the policies concerned in these proceedings for the premiums paid by her. From these decrees the executrices and the niece appeal. We are of the opinion that, as between the decedent's creditors and his niece, the niece, Mary Kaszyca, is entitled to the proceeds of the three policies. The agreement between decedent and his niece effected an assignment to her of these policies. (See *Lewis* v. *Metropolitan Life Ins. Co.*, 250 App. Div. 832; motion for leave to appeal denied, 275 N. Y. 650; *Matter of Pastore*, 155 Misc. 247; *Matter of Levy*, 158 id. 711; *Foryciarz* v. *Prudential Ins. Co.*, 95 id. 306; affd., 177 App. Div. 952.) All concur. (One decree denies the application of the executrices and Mary L. Kaszyca for an order granting to Mary L. Kaszyca an equitable lien upon the proceeds of insurance policies for premiums paid by her; one decree surcharges the executrices with the amount of insurance policies on the life of decedent adjudged to have been wrongfully paid by them to Mary L. Kaszyca; one decree denies the application to resettle the decree surcharging the accounts.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.